UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:99cv471-P

MAR 2 2 2000

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| SPIROFLOW SYSTEMS, INC., a<br>North Carolina Corporation<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BULK EQUIPMENT, INC.,<br>a Michigan Corporation<br><br>Defendant. | **ANSWER<br>AND<br>AFFIRMATIVE DEFENSES** |

NOW COMES Defendant, National Bulk Equipment, Inc. ("NBE"), and answers the Complaint filed by Spiroflow Systems, Inc. ("Spiroflow"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Admitted on information and belief.

2. Admitted.

3. This paragraph states a conclusion of law to which no response is required.

4. This paragraph states a conclusion of law to which no response is required.

5. This paragraph states a conclusion of law to which no response is required.

6. This paragraph states a conclusion of law to which no response is required.

7. This paragraph states a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted on information and belief.

10. NBE denies that it has infringed any valid claim of U.S. Patent No. 5,787,689 (the "'689 Patent").

## CLAIM FOR RELIEF

11. NBE denies that it has infringed any valid claim of the '689 Patent.

12. NBE denies that it has infringed any valid claim of the '689 Patent. Further answering, NBE has discontinued production and sale of the device that Spiroflow mistakenly claims NBE manufactured and sold in violation of the '689 Patent.

13. Denied.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Defendant states:

1. That Defendant has not infringed any valid, enforceable claim of the '689 Patent.

2. The '689 Patent is invalid for failure to meet the conditions for patentability set forth in Part II of Title 35 of the United States code.

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff's claims may be barred or limited by the doctrines of laches or estoppel.

5. Plaintiff's claims may be barred or limited by the doctrine of unclean hands.

6. Defendant reserves the right to state additional affirmative defenses during or upon the close of discovery.

WHEREFORE, Defendant NBE prays the Court:

a. That Plaintiff have and recover nothing of Defendant and that this action be dismissed with prejudice;

b. That all costs of this action, including attorneys' fees, be taxed against the Plaintiff;

c. That this case be tried before a jury; and

d. That Defendant have such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 22ND day of March, 2000.

Timothy G. Barber
N.C. State Bar No. 12851
Steven D. Gardner
N.C. State Bar No. 19013
*Attorneys for Defendant*

OF COUNSEL:

WOMBLE, CARLYLE, SANDRIDGE & RICE
3300 One First Union Center
301 South College Street
Charlotte, NC 28202-6025
(704) 331-4900

WARNER NORCROSS & JUDD LLP
Brian J. Masternak
900 Old Kent Building
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2500

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2000, I served a copy of the foregoing **Answer and Affirmative Defenses** by placing said copy in a prepaid envelope, addressed to the person hereinafter named, at the address stated below, which is the last known address of counsel for Plaintiff, and by depositing said envelope and its contents in the United States Mail at Charlotte, North Carolina.

ADDRESSEE:

W. Thad Adams, III
J. Derel Monteith, Jr.
ADAMS LAW FIRM, P.A.
2180 Two First Union Center
301 S. Tryon Street
Charlotte, NC 28282

Steven D. Gardner

4